IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
TENNESSEE NASHVILLE DIVISION

| | |
|---|---|
| SCOTT SERIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:24-cv-00088 |
| v. ) | |
| ) | Judge Waverly D. Crenshaw, Jr. |
| JOURNEYPURE NASHVILLE, LLC ) | Magistrate Judge Barbara D. Holmes |
| d/b/a JOURNEYPURE, ) | |
| ) | |
| Defendant. | |

**ORDER**

Pending is Plaintiff's renewed Motion for Entry of Clerk's Default against Defendant JourneyPure Nashville, LLC d/b/a JourneyPure pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 15). For the following reasons, Plaintiff's renewed Motion is **DENIED** without prejudice.

On April 16, 2024, the Clerk denied Plaintiff's first Motion for Entry of Default because Plaintiff failed to verify service of process upon JourneyPure Nashville, LLC as required by Local Rule 55.01(i). (Doc. No. 13). Specifically, Plaintiff failed to provide any evidence to demonstrate that the recipient of the service documents, receptionist Miranda Bartleson at the JourneyPure location in Murfreesboro, TN, was authorized to accept service of process on behalf of JourneyPure. *Id.* at PageID #: 55.

In support of its renewed Motion, Plaintiff submits the Declaration of Faith Beckworth. (Doc. No. 15-1). Therein, Ms. Beckworth addresses the service address discrepancy raised by the Clerk in the April 16, 2024 Order, and further describes Plaintiff's good faith efforts to serve Defendant's registered agent for service of process, Chris Perry. *Id.* However, neither

1

Plaintiff's Motion nor Ms. Beckworth's declaration explain why service upon the receptionist, Miranda Bartleson, qualifies as effective service of process upon JourneyPure.

Federal Rule of Civil Procedure 4 establishes the procedures for service of process on legal entities. Pursuant to Rule 4, service upon a limited liability company may be accomplished "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Additionally, service upon a limited liability company may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district is located or where service is made." Fed. R. Civ. P. 4(e)(1), *see also* Fed. R. Civ. P. 4(h)(1)(A).

Tennessee Rule of Civil Procedure 4.04 establishes the procedures for service of process on legal entities. Service upon a limited liability company may be made by "by delivering a copy of the summons and of the complaint to a partner or managing agent of the partnership or to an officer or managing agent of the association, or to an agent authorized by appointment or by law to receive service on behalf of the partnership or association." Tenn. R. Civ. P. 4.04(3). "Tennessee law directs that Rule 4.04 . . . is to be strictly construed." *Hall v. Haynes*, 319 S.W.3d 564, 571 (Tenn. 2010).

Plaintiff does not dispute that the JourneyPure's registered agent for service of process is Chris Perry. However, Plaintiff offers no evidence to support the notion that Ms. Bartleson is a member, partner, officer, managing agent, agent, sub-agent, or an individual authorized by appointment or law, sufficient to qualify her to accept service on behalf of JourneyPure as required by Federal Rule 4 or Tennessee Rule 4.04.

Tennessee allows registered agents like Mr. Perry to appoint, either expressly or impliedly, sub-agents to accept process on behalf of legal entities. *Hall v. Haynes*, 319 S.W.3d

2

564, 575 (Tenn. 2010). Yet, Plaintiff offers no evidence to support the notion that Mr. Perry, either orally or in writing, expressly conferred upon Ms. Bartleson the authority to serve as his sub-agent for service of process upon Defendant. Ms. Bartleson's willingness to accept service is simply insufficient to establish the existence of an expressly authorized agency relationship. "[U]nder Tennessee agency principles, express authority comes from a principal's manifestations to an agent, not the agent's manifestations to a third party." *Bryce Co., LLC v. Fed. Ins. Co.*, No. 09-02664, 2010 WL 11602403, at *3 (W.D. Tenn. Oct. 4, 2010). *See also Walker v. Klise Mfg. Co.,* No. 3:18-CV-00477, 2020 WL 983087, at *4 (M.D. Tenn. Feb. 4, 2020), *report and recommendation adopted*, No. 3:18-CV-00477, 2020 WL 978682 (M.D. Tenn. Feb. 28, 2020) (Without a description of the administrative personnel's "duties and extent of any supervisory obligations, the Court cannot infer that she had authority to receive service for [defendant]").

"Proper service of process 'is not some mindless technicality.'" *Genesis Diamonds, LLC v. John Hardy, Inc.,* 2016 WL 3478915, at *3 (M.D. Tenn. 2016) *citing Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991). "The requirement stems from the Due Process Clause of the Fifth Amendment, which requires that defendants receive adequate notice of proceedings against them." *Id.* Unless proper service is achieved, the court lacks personal jurisdiction over a defendant. *Id.*

For the reasons stated herein, Plaintiff's renewed Motion Entry of Clerk's Default against JourneyPure Nashville, LLC d/b/a JourneyPure (Doc. No. 15) is **DENIED** without prejudice.

s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court
