# UNITED STATES DISTRICT COURT
# TENNESSEE MIDDLE DISTRICT COURT
# NASHVILLE DIVISION

## CASE NO.: 3:24-cv-00088

SCOTT SERIO,

    Plaintiff,

v.

JOURNEYPURE NASHVILLE, LLC
dba JOURNEYPURE,

    Defendant.

## PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO SERVE

Plaintiff, Scott Serio, ("Serio") by and through his undersigned counsel, hereby moves this Honorable Court for an extension of time to serve process on Defendant, JourneyPure Nashville, LLC dba JourneyPure ("JourneyPure"), and in support states as follows:

### STATEMENT OF FACTS

1. On January 29, 2024, Plaintiff filed a Complaint against JourneyPure for willful copyright infringement. (ECF 1).

2. On January 29, 2024, the Clerk of Court issued the Electronic Summons. (ECF 5).

3. On January 29, 2024, Plaintiff, through the undersigned firm, contracted with a process server to personally serve Defendant. Plaintiff initially attempted personal service on Defendant's registered agent, Chris Perry. Defendant listed Chris Perry as its Registered Agent on its Corporate Filing submitted to the Tennessee Secretary of State with the address 2424 21st Avenue South, Nashville, TN 37203. The first attempt at traditional service was unsuccessful.

4. On February 6, 2024, the process server agent ("agent") returned a Declaration of Diligence describing his efforts to serve Defendant. A true and correct copy is attached hereto as **Exhibit 1**.

5. On February 6, 2024, Plaintiff, through the undersigned firm, contracted with a process server to personally serve the Defendant at 5080 Florence Road, Murfreesboro, TN 37129. This address was found on the Tennessee Secretary of State website on a Corporate Filing for a branch of JourneyPure that also states Chris Perry as its Registered Agent.

6. Plaintiff's second attempt was successful by personally serving Miranda Bartleson, the receptionist for the JourneyPure in Murfreesboro. A true and correct copy of the Declaration of Service is attached hereto as **Exhibit 2**.

7. On February 13, 2024, Plaintiff filed a Summons Returned Executed showing Defendant was served on February 8, 2024. (ECF 10). This date of service made the deadline for Defendant to file an answer to the complaint

February 29, 2024. Defendant, nor an Opposing Counsel, reached out to Plaintiff's undersigned counsel.

8. Therefore, on March 6, 2024, Plaintiff filed Motion for Entry of Clerk's Default. (DE 11).

9. On April 16, 2024, the Clerk of Court denied Plaintiff's Motion for Entry of Clerk's Default (the "Denial"). (ECF 13). The denial stated Plaintiff has not met the burden of due diligence to perfect service of process.

10. On April 19, 2024, Plaintiff filed a Renewed Motion for Entry of Clerk's Default (the "Renewed Motion") addressing the issues from the Denial. (ECF 15).

11. On May 24, 2024, the Clerk of Court denied Plaintiff's Renewed Motion for Entry of Clerk's Default (the "Renewed Denial") stating service upon Ms. Bartleson does not comply with Fed. Civ. R. 4 or Tennessee L.R. 4.04. (ECF 17).

12. Plaintiff's deadline to serve process on Defendant was April 29, 2024. This deadline passed while Plaintiff was waiting of the decision of the Renewed Motion.

13. Due to the Renewed Denial, Plaintiff is requesting an extension of no more than sixty (60) days to serve process on Defendant.

## LAW AND ARGUMENT

### 1. Plaintiff requests that this Court extend the time to serve Defendant Fifth & Lenox

Fed. R. Civ. P. 4(m) requires service of process to be completed within ninety days after the filing of the complaint. However, upon a showing of good cause for the failure to complete service, "the court **must** extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added). Furthermore, even if this Court determines that good cause has not been shown, this Court may "order that service be made within a specified time." *Id.*

Moreover, "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of showing of good cause." *Horenkamp v. Van Winkle & Co., Inc.,* 402 F.3d 1129, 1132 (11th Cir. 2005). "A district court should consider the following factors when deciding whether to grant a discretionary extension of time in the absence of a finding of good cause: …(5) whether the Plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting deficiencies…." (citations omitted) *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565 (6th Cir. 2022).

Here, Plaintiff has shown good cause to obtain an extension of time to serve Defendant. Plaintiff took corrective measures to effect proper service on Defendant when the first attempt came back unsuccessful. Although, this Court has deemed the second attempt as unsuccessful, Plaintiff believes that granting an extension of time to serve Defendant will not prejudice the judicial proceedings, which is still in

its infancy stage; the non-moving party will not be prejudiced as it has not been served with Plaintiff's Complaint and the Plaintiff is acting in good faith.

## CONCLUSION

Plaintiff believes Defendant is still an active and operational business. Plaintiff has resumed the process of attempting to serve Defendant.

DATED: May 29, 2024

Respectfully submitted,

*/s/ Faith Beckworth*
FAITH BECKWORTH
faith.beckworth@sriplaw.com

**SRIPLAW, P.A.**
3355 Lenox Road
Suite 750
Atlanta, GA 30326
470.200.0168 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Scott Serio*