IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| SCOTT SERIO ) | |
| ) | Case No. 3:24-cv-00088 |
| v. ) | Judge Crenshaw |
| ) | Magistrate Judge Holmes |
| JOURNEYPURE NASHVILLE, LLC ) | |

**O R D E R**

Pending before the Court is Plaintiff's motion for an extension of time to serve (Docket No. 18), which, for the reasons requested and as detailed below, is **GRANTED**. The time for Plaintiff to serve Defendant JourneyPure Nashville, LLC with process is extended to **July 26, 2024**.

In its motion, Plaintiff asks the Court to extend the time limit for service of the complaint. Plaintiff filed his complaint on January 29, 2024. (Docket No. 1.) Accordingly, under Rule 4(m), Plaintiff had until April 29, 2024, or ninety (90) days after the complaint was filed, to serve Defendant. However, Plaintiff has failed to meet this deadline. Plaintiff states that he has made attempts to serve Plaintiff – including by contracting a process server to personally serve Defendant or its registered agent at two different addresses (Docket No. 18 at ¶¶ 3–7) – but that that these attempts have been deemed insufficient (*id.* at ¶¶ 9, 11). Plaintiff argues that there is "good cause" under Rule 4(m) for his lack of timely service of process to-date (*id.* at 4), and states that he "has resumed the process of attempting to serve Defendant" (*id.* at 5).

Rule 4(m) states that if a defendant is not served with a complaint within 90 days after it is filed, a court must "dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, if the plaintiff shows "good cause" for its failure to serve the defendant within the time limit, the court "must" extend the time

for service for an "appropriate period." Accordingly, the court has discretion to permit late service, even absent a showing of good cause. *Stewart v. Tenn. Valley Authority*, No. 99–5723, 2000 WL 1785749, at *1 (6th Cir. Nov. 21, 2000) (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)).

The Court finds that good cause exists for extension of the time for service of process. Plaintiff has made several attempts and continues to do so. Accordingly, the Court will extend the time for service by an additional ninety (90) days and **ORDERS** that the deadline for Plaintiff to serve Defendant JourneyPure Nashville, LLC with process is extended to **July 26, 2024**. Plaintiff and his counsel are cautioned that failure to serve Defendant by this date may result in dismissal of this case under Fed. R. Civ. P. 4(m). Plaintiff must, promptly upon service of process on Defendant, file a return of service in accordance with Fed. R. Civ. P. 4(l).

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge